11-650-ag
Kodza v. Holder

BIA
A070 530 906
A070 530 907

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of March, two thousand twelve.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
        *Circuit Judges.*
_____

ISLAM KODZA, MERITA KODZA,
        *Petitioners,*

        v.                                    11-650-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        Justin Conlon, North Haven,
                        Connecticut

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Jennifer P. Levings, Senior
                        Litigation Counsel; Tim Ramnitz,
                        Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Islam Kodza and Merita Kodza, natives of the former Yugoslavia and citizens of Macedonia, seek review of a February 3, 2011, order of the BIA denying their motion to reopen. *In re Islam Kodza, Merita Kodza*, Nos. A070 530 906/907 (B.I.A Feb. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Here, because the Kodzas filed their motion to reopen more than 90 days after the BIA issued a final order of

removal in their case, they were required to show materially changed circumstances in Macedonia to excuse the untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). The BIA reasonably found that the Kodzas did not establish such a change.

Although the Kodzas submitted with their motion to reopen evidence showing, *inter alia*, violent confrontations between Macedonian police and armed ethnic Albanian extremists, and discriminatory treatment based on disagreements over the use of the Albanian language and flag, they had submitted evidence of similar mistreatment in their original removal proceedings. Thus, the BIA reasonably concluded that the evidence did not show a material change in country conditions, only a continuation of the same type of mistreatment that the Kodzas had shown during their original proceedings. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

The Kodzas' argument that the BIA erred by finding that the country reports that they submitted with their motion were "outdated" is without merit. As the Kodzas' motion to reopen was filed in June 2010, and the most recent country reports they submitted were dated 2009, and primarily

3

addressed events that took place in 2008 and earlier, the BIA reasonably found that the reports were not current. To the extent that the Kodzas' argument can be construed as a challenge to the evidentiary weight that the agency afforded the reports, it is similarly unavailing. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

The Kodzas' argument that the BIA erred in finding that the 2010 news articles they submitted with their motion only showed "isolated clashes" between Macedonian authorities and ethnic Albanians is also unpersuasive. As the six 2010 news articles submitted by the Kodzas provided accounts of only two different confrontations involving gunfire between Macedonian authorities and ethnic Albanians, the BIA reasonably found that the news articles described "isolated" events. Moreover, the articles describing the confrontation between Macedonian authorities and ethnic Albanian arms smugglers demonstrate, at most, possible "police mistreatment motivated by animus against suspected [criminals] of any ethnicity, religion, or political opinion." *Lecaj v. Holder*, 616 F.3d 111, 118 (2d Cir. 2010).

Finally, the Kodzas' claim that the BIA improperly took administrative notice of facts in a recent State Department report without giving the Kodzas advance notice and an opportunity to respond is not supported by the record. In any event, even if the BIA had taken administrative notice of facts in the State Department report without providing the Kodzas with an opportunity to challenge the facts, that error would be harmless because nothing in the record suggests that the BIA gave the administratively noticed facts dispositive weight in deciding the motion. *See Ajdin v. Bureau of Citizenship & Immigration Servs.*, 437 F.3d 261, 266 (2d Cir. 2006).

Because substantial evidence supports the BIA's finding that the Kodzas failed to demonstrate changed country conditions, the BIA did not abuse its discretion in denying their motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk